and must further also set out the declaration. Highsmith v. State, 41 Tex.Cr.R. [32] 37, 50 S.W. 723, 51 S.W. 919; Edens v. State, 41 Tex.Cr.R. [522], 523, 55 S.W. 815; Hopkins v. State [Tex.Cr.App.] 53 S.W. [619], 621; Gutirrez v. State [Tex. Cr.App.] 59 S.W. 274; Medina v. State, 43 Tex.Cr.R. [52], 53, [63 S.W. 331]; Francis v. State, 75 Tex.Cr.R. 362, 170 S. W. [779], 782."

 It is recited in bill of exception No. 2 that before the court's charge was read to the jury appellant requested the court to withdraw from the jury's consideration the dying declaration on the ground that it was not shown in the predicate that deceased was conscious of impending death. Nothing appears in the bill of exception in support of the ground upon which the motion was predicated. Manifestly said bill is insufficient.

Appellant's request for a charge on circumstantial evidence was properly overruled. Not only did deceased state in his dying declaration that appellant shot him, but the record reflects testimony of a witness to the effect that appellant stated to him that he shot deceased.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## WILKINS v. STATE.

### No. 17857.

Court of Criminal Appeals of Texas.
Jan. 22, 1936.

Rehearing Denied March 4, 1936.

---

J. B. Petty, of Austin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for robbery; punishment, five years in the penitentiary.

We are met at the threshold of the consideration of this case with the fact that the appeal bond is not signed by two sureties as required by law. The bond appears to be signed by one surety, and by another who signs by attorney in fact. This court held in Ex parte Albert Meadows, 87 S.W. (2d) 254, decided October 31, 1935, that a surety to a bond in a case of this kind could not sign by an attorney in fact. The appeal bond being defective, this court has no jurisdiction.

The appeal will be dismissed.

## Ex parte LYONS.

### No. 18333.

Court of Criminal Appeals of Texas.
Feb. 12, 1936.

Willis, Studer & Studer, of Pampa, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

This is an appeal from an order of the district judge of Gray county remanding appellant to the custody of the sheriff of Marshall county, Okl.

The record consists of copies of the application for the writ, of the motion for new trial, and judgment. There is nothing in same from which this court may be apprised of the erroneous character of the action of the court below in remanding appellant.

The judgment is affirmed.